IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT ALAN MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. CIV-16-566-F |
| v. | ) | |
| | ) | |
| CLEVELAND COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this civil rights action pursuant to 42 U.S.C. § 1983. Following the filing of Plaintiff's Complaint, District Judge Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed on various grounds, including failure to exhaust state remedies, abstention, absolute immunity, and failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether

1

summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the court has a duty to screen the complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends

dismissal of the cause of action on filing.

II. Plaintiff's Complaint

In his Complaint, Plaintiff states that he is a pretrial detainee confined at the Cleveland County Detention Center, Norman, Oklahoma. In the style of the case, Plaintiff states that he is suing Defendants Cleveland County, "Inovative Plumbing Design," and "Andy and Son's Servies [sic]." However, in his first ground set forth in the body of the Complaint, Plaintiff alleges that he is suing "Cleveland County DA," "Judge Stice," and "State of Oklahoma" because his "motion to discover" was denied. Complaint, at 5. He alleges that he "filed legal motion that have [sic] not been answer [sic] legally. I have not been brought before the Court and my Public Defender does not have permission to remove them. [T]hese are civil rights violations." Complaint, at 8.

In Plaintiff's second ground, Plaintiff states that he is suing Defendant "Inovation Plumbing Design" because the company refused to transfer the money he had paid into a 401K account to him when he was terminated from employment and he did not receive unemployment benefits or his "job back." In his third ground, Plaintiff alleges "I worked for Andy and Son's Servies" and he was not paid for all of the hours he worked for this company and had to pay medical bills for a job-related injury. As his requested relief, Plaintiff states he "wish[es] to sue for 1,000,000 $ [sic] Dollars USA and have all cases thrown out cause there CC [sic]." Complaint, at 7.

III. No Exhaustion of State Judicial Remedies

In his request for relief, Plaintiff seeks to have one or more pending criminal charges

apparently filed against him in the District Court of Cleveland County "thrown out" because of alleged constitutional deprivations. With this claim, Plaintiff is attempting to seek federal habeas corpus relief. A habeas petitioner must first exhaust available state remedies before seeking federal habeas relief. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). Plaintiff does not show that he has resorted to any available remedies in the state district or appellate courts, and nothing in the record demonstrates that Petitioner has pursued available state judicial remedies. Therefore, the cause of action, construed as a 28 U.S.C. § 2241 petition seeking federal habeas relief, should be dismissed without prejudice.

IV. Abstention Doctrine Bars Federal Review

It has long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-

4

Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

According to Plaintiff, there are ongoing state proceedings concerning the criminal charge(s) filed against him. Plaintiff has an adequate forum to litigate his constitutional claims either in the district court, in a petition for a writ of prohibition to the Oklahoma Court of Criminal Appeals before trial, or in a direct appeal should he be convicted. See Okla. Stat. tit. 22, §1051 (direct appeal). Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.

"It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066). See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Plaintiff has failed to satisfy that burden. Therefore, Plaintiff's claims against Defendants "Cleveland County DA", "Judge Stice," "State of Oklahoma," and "Cleveland County" seeking the dismissal of pending state criminal charges should be dismissed without prejudice on the basis of abstention.

V. Absolute Prosecutorial and Judicial Immunity Bars Claims Against Prosecutor and State Judge

In Plaintiff's first ground for relief, Plaintiff seeks damages under 42 U.S.C. § 1983

for alleged constitutional deprivations committed by a state prosecutor and district court judge. The only factual foundations for this claim is the alleged failure of the prosecutor to respond to Plaintiff's pretrial discovery motion and the alleged failure of the judge to grant Plaintiff's pretrial discovery motion. These actions or inactions involve judicial proceedings as to which both the prosecutor and the judge enjoy absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976)(prosecutors are entitled to absolute immunity concerning advocacy-related decisions in initiating prosecution and presenting State's case); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted); Stump v. Sparkman, 435 U.S. 349, 362-364 (1978)(state judge is absolutely immune from liability in a 42 U.S.C. § 1983 action for performance of all actions taken in the judge's judicial capacity); Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)(judicial "immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'")(quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)).

It is clear from the face of the Complaint that Defendants "Cleveland County DA" and "Judge Stice" are absolutely immune from Plaintiff's cause of action. Accordingly, Plaintiff's claims against Defendants "Cleveland County DA" and "Judge Stice" should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the ground of absolute immunity.

VI. No Color of Law as to Private Entities

In Plaintiff's second and third grounds for relief, Plaintiff sues two private entities for alleged transgressions related to his prior employment with those entities. In order to obtain relief under 42 U.S.C. § 1983, a plaintiff must show that the defendant was "acting under color of" state law at the time of the alleged deprivations for which the plaintiff seeks damages. Conn v. Gabbert, 526 U.S. 286, 290 (1999); West v. Atkins, 487 U.S. 42, 48 (1988).

"[A] public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law." West, 487 U.S. at 50. Plaintiff has not alleged that Defendants "Inovative Plumbing Design" and "Andy and Son's Servies" acted under the authority of state law or that any of their alleged conduct could be linked to state action.

When the party being sued under § 1983 is a private individual or entity, the issue becomes whether the private individual's or entity's actions are fairly attributable to the State. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). See Lugar v. Edmondson Oil Co., 457 U.S. 922, 935, 937 (1982)(conduct constituting "state action" satisfies under-color-of-state-law element, and private conduct constitutes state action if it is "fairly attributable to the State").

In this circuit, a two-part test is followed to determine whether conduct of a private party constitutes "state action" for the purpose of § 1983. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). Under this test,

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . ." Second, the private party must have "acted together with or . . . obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State."

Wyatt v. Cole, 504 U.S. 158, 162 (1992)(quoting Lugar, 457 U.S. at 937). The actions of an entity regulated by the State may be state action when "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)(quotation omitted). "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Id. Additionally, "the required nexus may be present if the private entity has exercised powers that are 'traditionally the exclusive prerogative of the State.'" Id. at 1005 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974)). But simply "serving a public function" or serving the public is not sufficient. Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982).

In this case, Plaintiff has alleged that private Oklahoma-based entities made purely-private employment-related decisions or took purely-private employment-related actions that had no relationship to the State of Oklahoma. Such conduct is not state action, and Plaintiff's claims against Defendants "Inovative Plumbing Design" and "Andy and Son's Servies" should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that (1) Plaintiff's claims against Defendants "Cleveland County DA", "Judge Stice," "State of Oklahoma," and "Cleveland County" seeking the dismissal of pending state criminal charges be dismissed without prejudice on the bases of failure to exhaust state remedies and abstention; (2) Plaintiff's claims against Defendants "Cleveland County DA" and "Judge Stice" should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the ground of absolute immunity; and (3) Plaintiff's claims against Defendants "Inovative Plumbing Design" and "Andy and Son's Servies" should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ August 1 , 2016, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues

raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __11th__ day of __July__, 2016.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE